**The document below is hereby signed.**

**Dated: August 1, 2011.**



_S. Martin Teel, Jr._

**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
MELVIN ARTHUR WATSON,              )      Case No. 11-00561
                                   )      (Chapter 7)
              Debtor.             )      **Not for Publication in**
                                   )      **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY
WAIVER OF THE CREDIT COUNSELING REQUIREMENT OF 11 U.S.C. § 109(h)

On his Exhibit D to the voluntary petition, the debtor

checked the box requesting a temporary waiver of the prepetition

credit counseling requirement based upon exigent circumstances.

In describing the exigent circumstances that merit a temporary

waiver, the debtor states:

> Debtor is 71 and cares for sick wife.  Debtor has no
> computer to complete course and the telephone course is
> $55.  Debtor does not have $55 till the first of the
> month to pay for the course unless Debtor can borrow
> money before the first of the month.  Case is filed as
> an emergency due to lawsuit trial date of tomorrow July
> 26, 2011.

The debtor does not represent that he attempted to obtain

counseling prepetition, as required to qualify for waiver, but

instead indicates that he filed the petition with the intent of

seeking counseling postpetition.  For reasons explained in more detail below, the court will deny the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h).

Section 109(h) of 11 U.S.C. provides that all individuals filing for bankruptcy must obtain an individual or group briefing that outlines the opportunities for available credit counseling and assists the individual in performing a related budget analysis from an approved non-profit budget and credit counseling agency during the 180-day period preceding the date of the filing of the individual's petition.  11 U.S.C. § 109(h)(1).

Pursuant to 11 U.S.C. § 109(h)(3)(A), the court can waive this requirement temporarily if (i) the debtor certifies that there are exigent circumstances that merit a waiver of the credit counseling requirement, (ii) the debtor certifies that he requested credit counseling services from an approved non-profit budget and credit counseling agency before he filed his petition, but was unable to obtain the necessary services within seven days of the request, and (iii) the court finds good cause to grant the waiver.  This exemption applies only for the first thirty days following the filing of the debtor's petition, although the court may grant a fifteen day extension of the exemption for cause.  11 U.S.C. § 109(h)(3)(B).

Even if the July 26, 2011 trial constitutes an exigent

circumstance within the meaning of 11 U.S.C. § 109(h)(3)(A)(i), a matter as to which the court expresses no opinion, the debtor has failed adequately to describe any prepetition request for credit counseling services from an approved non-profit budget and credit counseling agency, and he has likewise failed to explain why he was unable to obtain the necessary services within seven days of making such a request.[1]   It thus appearing that the debtor is ineligible for waiver, it is

ORDERED that the debtor's request for a temporary waiver of the prepetition credit counseling requirement of 11 U.S.C. § 109(h) based upon exigent circumstances is DENIED.


[Signed and dated above.]


Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee.

---

[1]   The debtor states that he lacks the necessary funds to pay for counseling, but he does not indicate that he requested counseling services and was turned away on that basis.   The court notes that an approved non-profit budget and credit counseling agency that charges a fee is required to "provide services without regard to ability to pay the fee." 11 U.S.C. § 111(2)(B).